**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DONNA L. GREENE,

       Plaintiff - Appellant,

     v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

       Defendant - Appellee.

No. 12-56199

D.C. No. 3:11-cv-02208-DMS-
PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted June 5, 2014
Pasadena, California

Before: REINHARDT, FISHER and MURGUIA, Circuit Judges.

Donna L. Greene appeals the district court's grant of summary judgment in

favor of the Commissioner of the Social Security Administration, upholding the

denial of her application for disability insurance benefits. We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The ALJ failed to adequately address the vision and hearing impairments supported by the record and explained in Greene's testimony. The ALJ's residual functional capacity assessment did not include any information about Greene's vision problems, and it mentioned Greene's hearing problems only briefly, noting that Greene "testified that she had hearing loss, but used bilateral hearing devices." However, the ALJ was required to "consider the limiting effects of all [of Greene's] impairment(s), even those that are not severe, in determining [Greene's] residual functional capacity." 20 C.F.R. § 404.1545(e); *see also* SSR 96-8P, 1996 WL 374184, at *5 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Additionally, in posing hypothetical questions to the vocational expert, the ALJ improperly failed to include any information regarding Greene's hearing impairment. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) ("[T]he ALJ poses hypothetical questions to the vocational expert that set out all of the claimant's impairments for the vocational expert's consideration." (internal quotation marks omitted)). The ALJ asked the vocational expert about a letter from a medical authority concerning Greene's vision, but both the ALJ and the vocational expert concluded during the hearing that the information was "too

2

vague," and the ALJ failed to properly pursue further clarification from the medical expert. *See* 20 C.F.R. § 404.1512(e) (2009) ("When the evidence we receive from your . . . medical source is inadequate for us to determine whether you are disabled, we will need additional information . . . . We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information . . . .").

The Commissioner contends that the ALJ did not thoroughly address Greene's vision and hearing issues because the ALJ did not find these impairments to be credible and supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper."). But the ALJ did not state that finding in his decision, either in the adverse credibility determination or elsewhere. The ALJ failed to explain why Greene's vision and hearing impairments were largely absent from his analysis.

The ALJ also erred in finding that Greene's testimony regarding her inability to perform work due to hearing and vision impairments lacked credibility. He

3

failed to offer a clear and convincing explanation of why the limited activities in which Greene engaged rendered her testimony that she was incapable of working unreliable. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (setting forth the clear and convincing standard).

On remand, the ALJ should properly address Greene's vision and hearing impairments, or explain why they are not credible and not supported by substantial evidence.

**VACATED AND REMANDED** to the district court, for remand to the Social Security Administration for further proceedings.